Todd M. Friedman, Esq. (Bar No. 310961)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDY WARSHAUER, | ) | Case No. 2:23-cv-1471 |
| | ) | |
| Plaintiff, | ) | **CLASS ACTION** |
| | ) | |
| vs. | ) | **COMPLAINT FOR VIOLATIONS OF:** |
| | ) | |
| FACTUAL DATA, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC | ) ) ) ) ) | 1. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT |
| | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |

1. Plaintiff, WENDY WARSHAUER (hereinafter referred to as "Plaintiff"), is an adult individual citizen and legal resident of Florida, residing at 2712 Misty Garden Circle, Tallahassee, FL, 32303.

2. Defendant FACTUAL DATA, INC. (hereinafter referred to as "Defendant FDI"), is a corporation that is qualified to and regularly conducts business in the Commonwealth of Pennsylvania. Factual Data is headquarter at 400 Holiday Dr., Suite 300, Pittsburgh, PA 15220.

3.     Defendant Equifax Information Services, LLC. (hereinafter referred to as "Defendant Equifax"), is a corporation that is qualified to and regularly conducts business in the Commonwealth of Pennsylvania.

4.     Defendant Trans Union LLC. (hereinafter referred to as "Defendant Transunion"), is a corporation that is qualified to and regularly conducts business in the Commonwealth of Pennsylvania.

5.     Defendant FDI, Defendant Equifax, Defendant Trans Union, and Defendant Experian will collectively be referred to here as "Defendants"

6.     Plaintiff avers that Defendants acted by and through its authorized agents, servants, officers, and/or employees at all times material hereto and described herein.

7.     Defendant FDI was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as and is a collection agency as defined by 18 Pa. Stat. and Cons. Stat. Ann. § 7311.

8.     Defendant Equifax, Defendant Transunion, and Defendant Experian are credit reporting agencies as the term is defined by the Fair Credit Reporting Act.

## BACKGROUND

9.     On or around August of 2022, Plaintiff noticed a number of hard inquiries into her credit report.

10.    One of these inquiries was made by Defendant FDI.

11. On information and belief, Plaintiff never gave Defendant DFI permission to inquire into her credit report.

12. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

13. DFI's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b. Thus, FDI violated 15 U.S.C. § 1681n and 1681o by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

14. FDI's inquiry does not qualify as a "firm offer of credit" under the FCRA.

15. This inquiry was reported by all CRA Defendants.

16. Plaintiff disputed these credit inquiries as illegitimate, inaccurate and/or incomplete with CRA Defendants, and Plaintiff's disputes are not frivolous or irrelevant.

17. However, CRA Defendants were aware of their duties under the FCRA yet failed to comply with the statute's requirements, including by failing to conduct a reasonable reinvestigation into the inquiries, and refusing to remove the inquiries from Plaintiff's credit report.

18. Therefore, CRA Defendants violated 15 U.S.C. § 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. §1681i:

19. Willfully and negligently failing to conduct a reasonable reinvestigation to determine the validity of the disputed information; and

20. Willfully and negligently failing to correct the reporting on Plaintiff's credit reports.

21. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

23. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

24. As a result of the above violations of the FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681 *ET SEQ.*

25. Plaintiff includes by reference paragraphs 1 through 24 as if fully set forth herein.

26. FDI's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b. Thus, FDI violated 15 U.S.C. § 1681n and 1681o by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

27. Plaintiff notified the CRA Defendants directly of a dispute as to credit inquiries, including FDI's credit inquiry, as illegitimate, inaccurate and/or incomplete with CRA Defendants.

28. The CRA Defendants failed to properly investigate and/or reinvestigate Plaintiff's dispute, and failed to provide Plaintiff a proper report of the results of its investigation and/or reinvestigation.

29. Therefore, CRA Defendants violated 15 U.S.C. § 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. §1681i:

    a. Willfully and negligently failing to conduct a reasonable reinvestigation to determine the validity of the disputed information; and

    b. Willfully and negligently failing to correct the reporting on Plaintiff's credit reports.

30. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

31. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

32. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

33. To the extent that Defendants' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

34. Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

• An award of statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;

• An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendant; and,

• Any other relief the Court may deem just and proper.

///

///

## TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 9th day of August, 2023.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: <u>s/Todd M. Friedman, Esq.</u>
**Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
Attorney for Plaintiff**